NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Daniel M. OKUNUGA

    Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security,

    Defendant.

Civ. No. 09-2058

OPINION & ORDER

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon Defendant Commissioner of Social Security Michael J. Astrue's Motion to Remand [docket # 17]. The Court has decided the motion after considering the parties' written submissions, without holding oral argument. For the reasons given below, the motion is granted, and the case is remanded to the Commissioner of Social Security for reconsideration.

## BACKGROUND

In 2005, Plaintiff Daniel Okunuga applied for Disability Insurance Benefits under the Social Security Act (the "Act"), 42 U.S.C. §§ 401–433. (R. 42.) Acting for the Commissioner, an Administrative Law Judge ("ALJ") applied the five-step process mandated by the Act and determined on May 26, 2008, that Plaintiff was not disabled under the meaning of the Act and thus not eligible for benefits. (R. 51.) Specifically, the ALJ determined that Plaintiff has qualifying, severe impairments—bipolar disorder and polysubstance abuse disorder—which would normally equate to a finding of disabled, (R. 44–47); however, these impairments were

1

caused primarily by Plaintiff's substance abuse, which precludes a finding of disability, as does his failure to follow prescribed treatment plans, (R. 47). The ALJ also concluded that Plaintiff has the residual functional capacity to perform simple, repetitive work activity. (R. 47–51.)

The May 26 determination was then certified by the Appeals Council as the Commissioner's "final decision." (R. 5–7.) Having exhausted all administrative remedies, Plaintiff filed this action on May 1, 2009, seeking judicial review of the Commissioner's determination under 42 U.S.C. § 405(g). Plaintiff claims the decision is erroneous because it contains factual errors and lacks substantial evidence.

On October 29, 2010, Defendant filed a motion to remand [17], asking this court to reverse the ALJ decision and remand the case to the Commissioner so that the ALJ can re-evaluate Plaintiff's mental condition and its effects. (Mem. in Support of Mot. to Remand 1.) Plaintiff opposes the motion, arguing that a remand is unnecessary because the record clearly demonstrates that he is disabled and entitled to benefits. (Opp'n Br. 1.)

## ANALYSIS

**A. Legal Standard**

Section 405(g) of the Social Security Act governs judicial review of Social Security Administration decisions. 42 U.S.C. § 405(g). It permits an individual to file a civil suit in the district court to obtain review of a "final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . ." *Id*. In reviewing the Commissioner's decision, an ALJ's findings of fact are conclusive when supported by "substantial evidence." § 405(g).

Section 405(g) also provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* Remand is appropriate in a number of situations, including where the ALJ "applied an improper

standard in weighing the evidence . . . or [where] there was not a full development of other evidence . . . ." *Kephart v. Richardson*, 505 F.2d 1085, 1090 (3d Cir. 1974).

### B. The ALJ's Determination

Here, the Commissioner acknowledges that the ALJ failed to develop and evaluate the evidence properly. Specifically, the Commissioner points to two key errors: 1) the ALJ did not address the report of Plaintiff's doctor, Dr. Favazza, which discussed certain disorders the doctor treated Plaintiff for; and 2) the ALJ misconstrued certain lab results, which in reality showed that Plaintiff tested negative for drugs during the relevant period. (Mem. in Support of Mot. to Remand 2.) We agree that these errors warrant reversal.

The Third Circuit Court of Appeals "has long been concerned with ALJ opinions that fail properly to consider, discuss and weigh relevant medical evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001). Where the medical evidence is conflicting, the ALJ must explain its conclusions, and courts will remand a case where the ALJ fails to provide an adequate explanation. *Id.* (citing *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (listing cases remanded for ALJ's failure to provide explanation of reason for rejecting or not addressing relevant probative evidence)). Here, the ALJ's failure to discuss Dr. Favazza's report—a report that certainly appears to be probative medical evidence—was error, as was the ALJ's incorrect reading of lab reports, which led the ALJ to conclude that Plaintiff's substance abuse was the primary cause of disability. Accordingly, we will reverse the ALJ decision and remand the case because the decision is not supported by substantial evidence. On remand, "the ALJ must review all of the pertinent medical evidence, explaining his conciliations and rejections." *Burnett v. Comm'r of Soc. Sec. Admin.* 220 F.3d 112, 121 (3d Cir. 2000).

Although we find that the ALJ's decision is not supported by substantial evidence, we do not find it appropriate to award benefits to Plaintiff at this time. Having reviewed the record, we

3

find that the evidence does not conclusively establish that Plaintiff was disabled under the meaning of the Act. Therefore, the proper course is to remand the case so that the record can be fully developed and the Commissioner can make a determination supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, IT IS, this 2nd day of February, 2011,

ORDERED that Defendant's Motion to Remand [docket # 17] is GRANTED; and it is

ORDERED that the Commissioner's May 26, 2008, decision is reversed; and it is

ORDERED that the cause is remanded to the Commissioner of Social Security for a rehearing and reconsideration; and it is

ORDERED that this case is closed.

> */s/ Anne E. Thompson*
> ANNE E. THOMPSON, U.S.D.J.